```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF ALABAMA
                   SOUTHERN DIVISION
```

BLACK WARRIOR RIVERKEEPER,   }
INC., et al.,                }
                             }
     Plaintiffs,             }   CIVIL ACTION NO.
                             }   2:13-CV-2136-WMA
v.                           }
                             }
U.S. ARMY CORPS OF ENGINEERS,}
et al.,                      }
                             }
     Defendants,             }
                             }
THE ALABAMA COAL ASSOCIATION,}
et al.,                      }
                             }
     Intervenor-Defendants.  }

### MEMORANDUM OPINION AND ORDER

After this court denied plaintiffs' motion for a preliminary injunction, plaintiffs, instead of appealing that denial to the Eleventh Circuit, immediately filed a motion for summary judgment in this court and a request for its expedited treatment. The reason asserted for expedited treatment is the same irreparable harm being suffered by plaintiffs that was a ground for plaintiffs' motion for preliminary injunction. The time for appealing from the denial of the preliminary injunction has not expired so that the effect, if any, of a timely appeal by plaintiffs on plaintiffs' new, alternative, strategy is, as of now, a matter of speculation.

On March 3, 2014, the court conducted an oral hearing on plaintiffs' request for an expedited schedule, and the objections to that request interposed by intervenor-defendants. Intervenor-

defendants argued vociferously that it would be unfair in the extreme to require them to respond to plaintiffs' motion for summary judgment on a drastically foreshortened schedule when there are thousands of documents to be examined. Plaintiffs argued that all of the pertinent evidentiary material is readily available to intervenor-defendants and there is no need for an examination of documents that might be relevant only to Count III of the complaint, which plaintiffs have withdrawn. The court finds it impossible to determine, in short order, how important discovery might be to intervenor-defendants in defending against plaintiffs' motion for summary judgment.

In a helpful mood, government-defendants at the hearing suggested that they could both reply to plaintiffs' motion for summary judgment, and file their cross-motion to dismiss and/or for summary judgment within a month, all without any need for discovery. Intervenor-defendants insisted that their interests go beyond the interests of the government-defendants, but agreed that if a dispositive motion filed by government-defendants were granted, there would be no need for discovery, or, for that matter, no need for any further proceedings. Exercising the considerable discretion that this court enjoys in peculiar circumstances like these, the court hereby ORDERS as follows:

1. **On or before April 2, 2014,** government-defendants shall file a motion to dismiss and/or for summary judgment with

accompanying brief with references to all relevant evidentiary material.

    2.  **Within seven (7) calendar days** after government-defendants file their motion, intervenor-defendants shall, if they wish to do so, file an *amicus* brief in support of government-defendants' motion. They shall also, if they wish to do so, file a motion to dismiss and/or for summary judgment limited to their defense of laches, with an accompanying brief and relevant evidence.

    3.  If intervenor-defendants desire to challenge this court's subject-matter jurisdiction, they shall **on or before March 19, 2014,** file a motion to reconsider this court's earlier finding that it has subject-matter jurisdiction and include their subject-matter jurisdiction defense in their motion to dismiss and/or for summary judgment filed as ordered in paragraph 2 above. If they decide to challenge subject-matter jurisdiction, they are GRANTED leave to depose no more than four of plaintiffs' principals, the inquiry being limited to the issue of standing. Said depositions shall be completed **by March 27, 2014.** Intervenor-defendants shall file a brief in support of their motion to dismiss and/or for summary judgment with accompanying evidentiary materials. By doing so, intervenor-defendants will not have waived their right to file a subsequent motion for summary judgment, or a response to plaintiffs' motion for summary judgment.

4.  **Within seven (7) calendar days** after government-defendants and intervenor-defendants have filed their motions, and briefs, plaintiffs shall respond.

5.  **Within seven (7) calendar days** after plaintiffs' responding briefs are filed, government-defendants and intervenor-defendants shall respond.

6.  After the foregoing schedule has been completed, the court will take defendants' dispositive motions under submission, or will set them for oral argument.

7.  Only if defendants' dispositive motions are denied will the court establish a schedule for the disposition of the issues that will remain.

8.  To the extent this order is inconsistent with prior orders of this court, this order SUPERCEDES those orders. To the extent this order is not responsive to plaintiffs' request for reconsideration and expedited scheduling, plaintiffs' request is DENIED.

DONE this 5th day of March, 2014.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE